IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SONYA R. EDWARDS,** | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| **MESQUITE INDEPENDENT SCHOOL** | § | |
| **DISTRICT,** | § | |
|     Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**COMES NOW**, Plaintiff, Sonya R. Edwards (hereinafter "Plaintiff"), and complains of Defendant, Mesquite Independent School District (hereinafter "Defendant"), and would respectfully show unto the Court as follows:

### I.

### JURISDICTION AND VENUE

1.  This Court has jurisdiction over the federal claims asserted herein pursuant to 28 U.S.C. §§1331 and 1343.  In addition, Plaintiff invokes this Court's jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000-e, et seq. (hereinafter "Title VII").

2.  Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## II.

## PARTIES

3.     Plaintiff, Sonya R. Edwards, is a black/African American citizen of the United States and a resident of Dallas County, Texas.  At all times relevant hereto, Plaintiff was an employee of Defendant.  Plaintiff has been subjected to unlawful employment practices committed in Dallas County, Texas by employees and agents of the Defendant.

4.     Defendant, Mesquite Independent School District, is an instrumentality of a political subdivision of the State of Texas.  It is an independent political corporation, distinct from the State itself, like a municipal corporation.  Because it is a local institution, created by local authority, it does not have Eleventh Amendment immunity from the claims asserted in this Complaint.  Defendant may be noticed of this lawsuit by serving the Superintendent of the Defendant at **3819 Towne Crossing Blvd., Mesquite, Texas 75150, or wherever the Superintendent may be found.**

## III.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.     On or about May 29, 2018, Plaintiff filed a charge of employment discrimination against Defendant with the Dallas District Office of the Equal Employment Opportunity Commission ("EEOC") within 300 days of the last discriminatory act.  Any allegations in this action which pertain to events that occurred after 300 days of the last discriminatory act pertain to allegations of continuing violation.

6.     On June 26, 2018, the EEOC issued a "Notice of Right to Sue" concerning Plaintiff's charge, entitling her to institute a civil action within 90 days of the date of receipt of

said notice.  This action is timely filed.

## IV.

## **FACTS AND CAUSES OF ACTION**

7. This action is authorized and instituted pursuant to Title VII.  This is a legal proceeding for legal and/or equitable relief available to secure the rights of the Plaintiff under this statute.

8. Beginning on or about February 28, 2017, and continuing through present, Plaintiff was repeatedly subjected to discrimination based on race, black/African American, and retaliated against in violation of Title VII.

9. Plaintiff was hired by Defendant in August or September of 2006 as a substitute teacher.

10. During her tenure with Defendant, Plaintiff received superior performance evaluations prior to her May 17, 2017, Substitute Evaluation Form. Prior to that time, Plaintiff did not receive any disciplinary action/reprimand, was not "written up," and was never informed of poor work performance.

11. On or about February 28, 2017, while working at Defendant's Mesquite High School campus, Plaintiff complained to the EEOC and Terri Craig, Defendant's employee, that Cherri Lynn, Defendant's School Secretary of Mesquite High School, was inquiring as to Plaintiff's whereabouts while on duty. When Plaintiff told Mrs. Lynn that she was in the A-Hall Lounge, Mrs. Lynn replied, "No you were not. You people lie." The "people" Mrs. Lynn was referring to were blacks/African Americans. After Plaintiff's complaints to the EEOC and Terri Craig, Mrs. Lynn began harassing Plaintiff almost daily by asking Plaintiff where she was at all

throughout the day (although she did not treat Caucasian employees the same); by forcing Plaintiff to clock-in as soon as she arrived at Mesquite High School (even though Caucasian employees were not required to do the same and the policies and procedures stated an employee can clock-in and clock-out at the end of the day before leaving work); by sending Plaintiff to the wrong classroom assignments in empty rooms and making her stay there until someone came to get her and tell her the correct classroom; by ignoring Plaintiff and excluding her from her peers; by scrutinizing Plaintiff's every move; and by falsely telling Defendant's Principal of Mesquite High School that the black/African American employees always "hang out" instead of working (even though Caucasian employees have been caught not working while on the clock), among other things.

12. On or about March 1, 2017, Mrs. Lynn falsely told employees of Defendant in Mesquite High School's front office and employees in administration and the substitute office that Plaintiff (1) does not stay where she is supposed to stay while at work; (2) clocks in and leaves the campus; (3) is untrustworthy; and (4) is undependable.

13. On or about March 3, 2017, Plaintiff met with Defendant's administrator Kelly Long regarding Mrs. Lynn's false accusations against Plaintiff. Ms. Long told Plaintiff not to worry about the accusations and that Plaintiff is loved by the students and staff and to keep doing what she is doing and from this point forward there will be a fresh start. Plaintiff asked Ms. Long to do an investigation into Mrs. Lynn's false accusations, but Ms. Long told Plaintiff there was no need to investigate and that everything was okay.

14. After Plaintiff did not get reprimanded based on Mrs. Lynn's false accusations,

she began harassing Plaintiff even more. On or about March 16, 2017, Mrs. Lynn told Plaintiff to "sit" in a demeaning tone until another employee arrived even though Plaintiff had already been given a classroom assignment and that action by Mrs. Lynn was not proper protocol.

15. On or about May 19, 2017, Plaintiff was informed by Defendant that she was blocked from substitute teaching at Mesquite High School based on a Substitute Evaluation Form that was false and inaccurate. This devastated Plaintiff since she was a substitute teacher for many years at Mesquite High School.

16. Plaintiff suffered discrimination based on race and retaliation based on her complaints of Mrs. Lynn's racially offensive remarks and harassing actions. Plaintiff suffered adverse employment action in the form of being blocked from substitute teaching for Mesquite High School for no legitimate reason, among other things.

17. Any proffered business reason offered by Defendant for Plaintiff's removal from Mesquite High School is mere pretext for discrimination.

18. Plaintiff has suffered compensatory damages as the direct result of Defendant's discriminatory and retaliatory treatment of her.

19. The Defendant's conduct toward Plaintiff caused her severe emotional distress, pain and suffering and/or other nonpecuniary losses, for which Plaintiff seeks past and future compensatory damages.

20. The amount of damages which Plaintiff seeks herein exceeds the jurisdictional minimum of this Court.

21. All conditions precedent to the filing of this action have occurred or have been fulfilled.

## V.

## DAMAGES

22.     Plaintiff seeks statutory damages, back pay and front pay and/or lost wages and benefits in the past and future, all actual monetary losses, liquidated damages, attorney's fees, expert witness fees, costs, prejudgment and postjudgment interest, and such other and further legal and equitable relief to which Plaintiff is entitled pursuant to Title VII.

23.     Plaintiff is entitled to actual damages, including pecuniary damages, mental anguish or emotional pain and suffering, inconvenience, and loss of enjoyment of life in the past and in the future, and such other and further relief to which Plaintiff is entitled because of the actions and/or omissions complained of herein.

## VI.

## JURY DEMAND

24.     Plaintiff respectfully requests a jury trial.

## VII.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that Defendant be cited to appear, and, that Plaintiff be awarded judgment against Defendant for statutory damages, compensatory, general damages, back pay, front pay and/or lost wages and benefits in the past and future, all actual monetary losses, liquidated damages, attorney's fees, expert witness fees, costs, prejudgment and postjudgment interest, and such other and further legal and equitable relief to which Plaintiff is entitled.

Respectfully submitted,

**/s/ Marshay Howard**
Marshay Howard
Howard & Associates
STATE BAR CARD NO. 24083204
Uptown Tower
4144 N. Central Expressway, Suite 600
Dallas, Texas 75204
Telephone: (469) 458-3540
Facsimile: (972) 308-6011
mhoward@lawyersdemandingjustice.com

**ATTORNEY FOR PLAINTIFF**