IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SONYA R. EDWARDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil No. 3:18-CV-02620-E |
| v. | § | |
| | § | |
| MESQUITE INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Mesquite Independent School District's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 27). In her Second Amended Complaint (Doc. 26), Plaintiff Sonya R. Edwards alleges that Mesquite Independent School District (MISD), her employer, violated Title VII of the Civil Rights Act of 1964. Plaintiff contends MISD discriminated against her on the basis of race and retaliated against her for complaining about the discriminatory treatment. In its Motion to Dismiss, among other things, MISD asserts the Court should dismiss Plaintiff's claims because she failed to exhaust her administrative remedies by timely filing a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).

This case was transferred to the undersigned judge on September 18, 2019. On May 20, 2019, the previous judge granted MISD's Motion to Dismiss Plaintiff's First Amended Complaint without prejudice. The judge determined

that Plaintiff failed to exhaust her administrative remedies and failed to state a claim for Title VII discrimination or retaliation. Plaintiff later sought and was granted leave to file a Second Amended Complaint. MISD then moved to dismiss Plaintiff's Second Amended Complaint, and Plaintiff has not responded.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), the defendant may move to dismiss the plaintiff's claims for "failure to state a claim upon which relief may be granted." *Id.* 12(b)(6). To survive such a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* In reviewing a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to plaintiff. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

Title VII provides for private causes of action arising out of employment discrimination and gives federal courts subject matter jurisdiction to resolve

such disputes. *Davis v. Fort Bend Cty.*, 893 F.3d 300, 303 (5th Cir. 2018). Before seeking judicial relief, however, a Title VII plaintiff must exhaust her administrative remedies by filing a timely charge of discrimination with the EEOC and receiving a statutory notice of right to sue. *Id.*; *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). Administrative exhaustion is important because it provides an opportunity for voluntary compliance before a civil action is instituted. *Stroy v. Gibson*, 896 F.3d 693, 698 (5th Cir. 2018). In Texas, a Title VII plaintiff must file her EEOC charge within 300 days of the date on which the alleged unlawful employment practice occurred. *See* 42 U.S.C. § 2000e-5(e)(1); *Newton v. Securitas Sec. Servs., USA, Inc.*, 250 F.App'x 18, 20 (5th Cir. 2007). Administrative exhaustion is not a jurisdictional requirement, but is still a requirement. *Stroy*, 896 F.3d at 698; *see Davis*, 893 F.3d at 306.

Plaintiff's Second Amended Complaint contains few differences from her First Amended Complaint. As alleged in the Second Amended Complaint, MISD hired Plaintiff as a substitute teacher in 2006. In January 2014, Plaintiff began to work exclusively at Mesquite High School. The alleged racial discrimination forming the basis for Plaintiff's complaint began on or about February 28, 2017. On that day, the school secretary inquired about Plaintiff's whereabouts. When Plaintiff told the secretary where she had been, the secretary replied, "No you were not. You people lie." Plaintiff alleges "people" meant "blacks/African Americans." Plaintiff alleges she

complained to the EEOC and to MISD employee Terri Craig about this incident. After her complaints to the EEOC and Craig, the secretary began harassing Plaintiff almost daily in various ways and did not treat Caucasian employees in the same manner. On March 1, 2017, the secretary falsely told other school employees that Plaintiff does not stay where she is supposed to stay at work, clocks in and leaves campus, and is untrustworthy and undependable. Plaintiff met with a district administrator on March 3, 2017, regarding the false accusations. The administrator told Plaintiff not to worry about the accusations. After that, the secretary began to harass Plaintiff even more. On or about May 19, 2017, MISD terminated Plaintiff from substitute teaching at Mesquite High School "based on Substitute Evaluation Form that was false and inaccurate." Plaintiff was transferred to a middle school in the district.

Plaintiff alleges she suffered discrimination based on her race and retaliation based on her complaints about the school secretary's racially offensive remarks and harassing actions. She alleges she suffered materially adverse employment actions in the form of being blocked from substitute teaching at Mesquite High School and being transferred to a middle school. Plaintiff alleges that any reason given by MISD for its employment actions is a mere pretext for discrimination.

The section of the Second Amended Complaint in which Plaintiff alleges she exhausted her administrative remedies is identical to her previous

complaint. As before, she alleged that, on or about May 22, 2017, she "filed a charge of employment discrimination and/or Intake Questionnaire against Defendant with the Dallas District Office of the Equal Employment Opportunity Commission ('EEOC') within 300 days of the last discriminatory act." She also alleges that "[a]ny allegations in this action which pertain to events that occurred after 300 days after the last discriminatory act pertain to allegations of continuing violation."

MISD contends Plaintiff has not exhausted her administrative remedies because she did not timely file an EEOC charge. Plaintiff complains about the conduct of MISD personnel from late February to mid-March of 2017 and about her May 19, 2017 termination from substitute teaching at Mesquite High School. MISD asserts that, at the latest, Plaintiff's EEOC charge needed to be filed by March 15, 2018—300 days after May 19, 2017. Plaintiff's EEOC charge is dated May 29, 2018.

Plaintiff's EEOC charge was not filed within 300 days of the alleged discrimination or retaliation. Plaintiff appears to argue in her complaint that her May 22, 2017 Intake Questionnaire, attached to her pleading, constitutes a timely charge of discrimination. The Court previously determined that, although an Intake Questionnaire may constitute an EEOC charge or at least provide a basis for equitable tolling of the time to file a charge, Plaintiff "did not provide any argument or legal authority supporting the notion that the Court should consider the date of her Intake Questionnaire, rather than her

EEOC charge, for purpose for the 300-day requirement." Plaintiff was given the chance to amend her complaint to demonstrate that she filed a timely charge of discrimination and has failed to make any new allegations that do so. To the extent Plaintiff relies on the continuing violation doctrine, her complaint does not identify any discriminatory act that falls within 300 days of her filing an EEOC charge. *See Berry v. Bd. of Supervisors of L.S.U.*, 715 F.2d 971, 979 (5th Cir. 1983) (plaintiff who claims continuing violation is relieved of burden to prove entire violation occurred within actionable period if she can show series of related acts, at least one of which falls within appropriate time frame prior to EEOC charge). Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint because Plaintiff did not exhaust her administrative remedies. Plaintiff has already been given an opportunity to cure the pleading deficiencies in her complaint. The Court concludes that further amendment is not warranted. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Accordingly, Plaintiff's claims are DISMISSED WITH PREJUDICE.

    **SO ORDERED**.

    Signed January 13, 2020.

                                                ADA BROWN
                                                UNITED STATES DISTRICT JUDGE